NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-2943 and 20-2944
_____

UNITED STATES OF AMERICA

v.

JERRY ZWEITZIG,
                              Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court Nos. 2:19-cr-00311-001 and 2:20-cr-00153-001
District Judge: The Honorable Wendy Beetlestone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 21, 2021

Before: SMITH, *Chief Judge*, MATEY, and FISHER, *Circuit Judges*

(Filed July 14, 2021)
_____

OPINION*
_____

SMITH, *Chief Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jerry Zweitzig appeals his sentence for manufacturing and possessing child pornography. For the reasons below, we will affirm the judgment of the District Court.

## I. BACKGROUND

Zweitzig entered an open guilty plea to six counts of manufacturing child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Each manufacturing count has a statutory minimum term of imprisonment of 15 years and a maximum term of 30 years, and the possession count has a maximum of 20 years.

The Presentence Report ("PSR") calculated Zweitzig's applicable sentencing range under the United States Sentencing Guidelines ("U.S.S.G.") to be life. The Guidelines make clear that "[w]here the statutorily authorized maximum sentence [for a single count] is less than the minimum of the applicable guideline range, *the statutorily authorized maximum sentence shall be the guideline sentence*." U.S.S.G. § 5G1.1(a) (emphasis added). They further provide that "[i]f the sentence imposed on the count carrying the highest statutory maximum"—here, any manufacturing count—"is less than the total punishment, then the sentence imposed on one or more of the other counts *shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment*." *Id.* § 5G1.2(d) (emphasis added). "The 'total punishment' is determined by the adjusted combined offense level." *United States v. Chorin*, 322 F.3d

-2-

274, 278 (3d Cir. 2003). The PSR calculated Zweitzig's adjusted combined offense level to be 48, which results in a "total punishment" for Zweitzig of life imprisonment. *See* U.S.S.G. ch. 5, pt. A. Zweitzig did not object to any calculations in the PSR.

At sentencing, the Government argued that Zweitzig should receive the maximum term of imprisonment for each of the seven counts, and that all sentences should run consecutively. The sum of the maximum terms yields a total term of imprisonment of 200 years. Zweitzig sought a downward variance under 18 U.S.C. § 3553(a) to the minimum 15 years' imprisonment. Zweitzig's motion emphasized the parsimony provision of § 3553(a), which requires that a court "impose a sentence sufficient, but not greater than necessary," to achieve the purposes of sentencing. Zweitzig argued that based on several factors—his age at sentencing (72), "empirical data" that imprisonment does not reduce recidivism, and the proposition that "lengthy imprisonment of child pornography possessors [does not] have any deterrent or preventative effect on the production or dissemination of child pornography"—a sentence beyond 15 years' imprisonment would be "far in excess of what is required to ensure both general and individual deterrence." App. 73–74 (Sentencing Memo.). Zweitzig also argued that a 200-year prison sentence would be a "grave disparity" and submitted "a chart of cases involving similar conduct . . . and how those defendants were sentenced." *Id.* at 75 (citing § 3553(a)(6)).

The District Court denied Zweitzig's motion and sentenced him to a total term of

imprisonment of 200 years in accord with the Government's position. Zweitzig then "ma[d]e the objection under *Flores-Mejia* [759 F.3d 253 (3d Cir. 2014) (en banc)] that [the Court] did not sufficiently consider [his] arguments earlier." App. 134 (Hr'g Tr. 55:6–11). The Court responded that in its "discussion of the § 3553(a) factors, [it] did include a discussion of [Zweitzig's] argument." *Id.* (Hr'g Tr. 55:12–14). Zweitzig appealed.

## II. DISCUSSION[1]

Zweitzig argues that his sentence is both procedurally and substantively unreasonable. The abuse-of-discretion standard applies to both inquiries, and Zweitzig bears the burden of demonstrating unreasonableness. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Zweitzig has not carried his burden as to either procedure or substance.

### A. Procedural Reasonableness

Post *Booker*, a district court must give "'meaningful consideration to the § 3553(a) factors' before deciding on a sentence." *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)). "[I]f a party raises a colorable argument about the applicability of one of the § 3553(a) factors, the district court . . . . should address that argument." *Id.* "A separate and equally important

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

procedural requirement" is that the district court "furnish an explanation 'sufficient for us to see that the particular circumstances of the case have been given meaningful consideration.'" *Id.* at 215–16 (quoting *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008)).

"Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356–57 (2007). Here, the District Court chose to apply the Guidelines. The advisory guidelines sentence for each count is the statutory maximum, *see* U.S.S.G. § 5G1.1(a), which the Court imposed. And the Guidelines recommended that Zweitzig's sentences all run consecutively because any term of years is less than the "total punishment" of life imprisonment. *See id.* § 5G1.2(d); *see also, e.g.*, *United States v. Lewis*, 594 F.3d 1270, 1275–76 (10th Cir. 2010) (collecting cases; holding no procedural error for consecutive sentences resulting in 330 years' imprisonment).

The District Court did not commit any procedural error because, as the Court stated in response to Zweitzig's *Flores-Mejia* objection, it sufficiently addressed the § 3553(a) factors and his arguments. With respect to parsimony, we have held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary." *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006). The Court explained why a prison sentence was necessary to achieve specific

deterrence and explicitly acknowledged Zweitzig's age-related arguments when discussing general deterrence and the need for a lengthy sentence. App. 124–25 (Hr'g Tr. 45:7–46:1) ("[W]ith respect to general deterrence, your attorney has suggested that given your age and the viewpoint that a long sentence would not actually deter people from doing what you have done. . . . [E]veryone should understand that if they engage in these kind of activities, whatever their age, however young they are, they risk spending their life and dying in prison.").

Turning to § 3553(a)(6), the Court not only noted "the need to avoid unnecessary sentencing disparities," but mentioned that it could look to the Guidelines to help avoid such disparities. App. 127 (Hr'g Tr. 48:18–21). While Zweitzig emphasizes his chart of sentences for similar convictions, unless a defendant satisfies his burden to "show[] that other defendants' circumstances exactly paralleled his, [] a court should not consider sentences imposed on defendants in other cases." *United States v. Lacerda*, 958 F.3d 196, 215 (3d Cir. 2020) (quoting *United States v. Iglesias*, 535 F.3d 150, 161 n.7 (3d Cir. 2008)).

Because the record demonstrates that the District Court gave meaningful consideration to the § 3553(a) factors and Zweitzig's arguments, the Court did not procedurally err.

## B. Substantive Reasonableness

"[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular

defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. "If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." *Gall v. United States*, 552 U.S. 38, 51 (2007) (citing *Rita*, 551 U.S. at 347). "We will apply the presumption here." *Lacerda*, 958 F.3d at 215.

Zweitzig's substantive reasonableness challenge focuses on the parsimony provision. He argues that "there are simply no circumstances under which 2,400 months of incarceration of a 72 year-old, first time offender, is sufficient but not greater than necessary." Zweitzig Br. 25. We are not convinced. Is the sentence so long as to exceed Zweitzig's life expectancy? Yes, but is it unreasonable? Considering all the circumstances of Zweitzig's case, including the egregious nature of his crimes, we conclude that a reasonable sentencing court could have imposed the same sentence.

### III. CONCLUSION

For the foregoing reasons, we will affirm.